# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

GS HOLISTIC, LLC,

        Plaintiff,     :     Case No. 1:23-cv-00677

                              District Judge Walter H. Rice

- vs -                Magistrate Judge Michael R. Merz

MR. VAPOR SMOKE SHOP LLC, et al.,

        Defendants.     :

## REPORT AND RECOMMENDATIONS

This trademark infringement action is before the Court on Plaintiff's Motion for Default Judgment against both Defendants (ECF No. 19).

The docket shows that on the Court's Order, the Clerk entered the default of both the corporate and the individual Defendant on May 6, 2024 (ECF No. 18).  Defendants have not appeared or moved to set aside the default.

**Liability**

The instant Motion shows that Plaintiff is the owner of three registered trademarks:

1

1. U.S. Trademark Registration Number 6,633,884 for the standard character mark "Stündenglass" in association with goods further identified in registration in international class 011.

2. U.S. Trademark Registration Number 6,174,292 for the design plus words mark "S" and its logo in association with goods further identified in the registration in international class 034.

3. U.S. Trademark Registration Number 6,174,291 for the standard character mark "Stündenglass" in association with goods further identified in registration in international class 034.

The unrebutted averments of the Complaint and the Declaration of Christopher Folkerts, owner of the Plaintiff, establish that Defendants have willfully infringed these trademarks, for which actions they are jointly and severally liable under 15 U.S.C. § 1114. The Defendants' acts also constitute false designation of origin pursuant to 15 U.S.C. § 1125(a) in that the Defendants' application of the Plaintiff's marks are likely to cause confusion and mistake or deceive consumers as to the source or origin of such goods, or sponsorship or approval of such goods by the Plaintiff. Thus Plaintiff's instant Motion is sufficient to establish the liability of both Defendants.

**Damages**

In lieu of either its own lost profits or disgorgement of any profits made by Defendants as a result of the infringements, Plaintiff seeks statutory damages of $50,000 for each infringed mark.

> In a case involving a violation of section 1125(d)(1) of this title, the plaintiff may elect, at any time before final judgment is rendered by the trial court, to recover, instead of actual damages and profits, an award of statutory damages in the amount of not less than $1,000 and not more than $100,000 per domain name, as the court considers just.

2

15 U.S.C. 1117(d). Plaintiff has made that election and so its burden is to show the Court that the amount it seeks is just. One way of showing what is just would be to provide at least some approximation of Defendants' profits. Plaintiff claims that is impossible:

> Because the Defendants have refused to engage, as indicated through their failure to obtain counsel, litigate or appear in any capacity in this civil litigation, it is not possible for the Plaintiff to conduct discovery which would expose receipts, invoices, ledgers, etc. to establish volume of sales, profits, and therefore compensatory damages with greater certainty – which again is a supported reason for electing statutory damages and why they exist.

(Motion, ECF No. 19, PageID 65). The Magistrate Judge agrees that Defendants' profit would be difficult to ascertain or even approximate without discovery. But Defendants do not exempt themselves from discovery in a federal lawsuit by defaulting. And so far as the Magistrate Judge is aware, Plaintiff has made no effort to obtain discovery from the Defendants. While discovery documents are no longer usually filed, per Fed.R.Civ.P. 5(d)(1)(a), Plaintiff offers no evidence of any attempt to obtain discovery from Defendants. If Plaintiff has sought discovery and Defendants have refused to provide it, the proper remedy is a motion to compel under Fed.R.Civ.P. 37.

While avoiding the costs and burdens of discovery is a valid and accepted rationale for seeking statutory damages instead, the statute commits the amount of statutory damages to the discretion of the trial court in an amount between $1,000 and $100,000 "as the court considers just." Plaintiff has provided a list of fifty-seven cases in which statutory damages in excess of $150,000 have been awarded (ECF No. 19-2, PageID 81-84). But without more detail, the Magistrate Judge cannot determine if those awards were just. How many courts have awarded less than $150,000? What are the comparative circumstances of the Plaintiff and these Defendants in terms of size, profitability, etc.?

As presented, the list of cases is not useful because Plaintiff provides no link to these decisions. Under the E-Government Act of 2002, every District Court is obliged to provide public access through the Internet to its written decisions. Given the progress of information technology since 2002, most if not all courts do this by filing decisions in electronic form in the Judiciary's CM/ECF[1] filing system. Once each day the major case law suppliers in the United States, Lexis and Westlaw, retrieve those decisions and place them in their online databases, giving them a retrievable citation. With citations in that form, the Magistrate Judge could compare what other judges have found to be just and consider the factors they have found relevant.

Plaintiff's other support for its Motion is also unpersuasive. Its owner, Christopher Folkerts, avers that that the Plaintiff is "seeking only a fraction of the actual losses to its business and that damages of $150,000.00 are reasonable since the actual damages to the business are measured at millions in excess of this amount." (Motion, ECF No. 19, PageID 66, citing Folkerts' Decl. as to Value of Damages ¶¶ 10-14). Mr. Folkerts estimates sales of Plaintiff's trademarked products were approximately $1.7 million in 2020, $9.6 million in 2021, and $10.8 million in 2022 (ECF No. 19-6, PageID 94). He projects an 18% growth rate between 2024 and 2034 based on a report of an allegedly expert economist. *Id.* at PageID 94-95. However, the economist is unidentified and no report is furnished such that the Court could apply expert qualification standards mandated by *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993). Based on his own knowledge of the industry, Mr. Folkerts opines "if the market had not been impacted by the flood of inferior, mass-produced fake Stündenglass products, GS HOLISTIC, LLC's 2022 sales would have been approximately $45,300,000.00." Again, the Court is given no basis on which to evaluate this conclusion.

---

[1] Case Management/Electronic Case Filing.

Plaintiff's failure to seek preliminary injunctive relief also suggests it did not expect or suffer lost profits during the pendency of the case. The only actual documented sale of an infrining product is that sale to Plaintiff's investigator.

**Conclusion**

In sum, while Plaintiff has presented an acceptable case for default judgment of liability, its damages case is not persuasive. Accordingly, the Magistrate Judge respectfully recommends the Motion for Default Judgment be denied without prejudice to its renewal when supported by more persuasive evidence of what amount of statutory damages would be just.

August 7, 2024.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #